[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

No. 16-17053
Non-Argument Calendar

D.C. Docket No. 1:15-cr-20447-MGC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO ALBERTO CASTILLO-MONTOYA,
a.k.a. El Viejo,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(March 7, 2018)

Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Hugo Castillo-Montoya appeals his total 63-month sentence, imposed at the low-end of the advisory guideline range, after pleading guilty to 1 count of conspiracy to utter counterfeit currency (in violation of 18 U.S.C. § 371) and 2 counts of counterfeit acts committed outside of the United States (in violation of 18 U.S.C. § 470). On appeal, Castillo-Montoya argues that the district court erred in denying his objections to two sentencing enhancements: based on the loss amount and on being a leader or organizer in the conspiracy. The government argues that we do not need to consider whether the district court erred in denying these objections because the district court determined that it would have reached the same sentence under the 18 U.S.C. § 3553(a) factors even if it had sustained both objections.

When a district court makes it clear that it would have given a defendant the same sentence under the § 3553(a) factors regardless of the resolution of the defendant's guidelines objection, we need not decide the guidelines issue or remand, unless the sentence was unreasonable. *United States v. Lozano*, 490 F.3d 1317, 1323-24 (11th Cir. 2007). In determining whether the sentence was

2

reasonable, we assume that the district court erred and that the defendant's guidelines objections should have been granted, reduce the advisory guideline range accordingly and determine whether the defendant's sentence would still be reasonable in the light of the § 3553(a) factors. *Id.* at 1324.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015). In reviewing whether a sentence is reasonable under the § 3553(a) factors, this Court reviews the sentence for substantive reasonableness, taking into account the totality of the circumstances and the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the needs to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a)(1), (3)-(6).

3

The district court has discretion to determine how much weight is given to an 18 U.S.C. § 3553(a) factor, and we will not substitute our own judgment unless the sentence is substantively unreasonable. *Alvarado*, 808 F.3d at 496. A district court imposes a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error in judgment by balancing proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

When weighing the § 3553(a) factors, the district court has discretion to determine whether a variance is warranted. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). The district court must determine that there is a justification "sufficiently compelling" to support any variance outside the guideline range. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Sentences outside the guideline range are not presumed to be unreasonable, and we will defer to the district court's decision that the variance was justified. *Id.* The district court must support the degree of an upward variance with a compelling and complete justification to allow for appellate review. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). That a sentence imposed is well below the statutory maximum penalty is an indicator of reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

4

Even assuming that the district court erred in denying Castillo-Montoya's two guidelines objections, the total 63-month sentence was substantively reasonable as an upward variance from a 33-to-41-month guideline range. *See* 18 U.S.C. § 3553(a); *Lozano*, 490 F.3d at 1323-24. If the district court had adopted his requested guideline range, the court still would have been well within its discretion to conclude that the seriousness of the offense, the danger to the U.S. economy and businesses, Castillo-Montoya's history and characteristics, and the need to deter him and others from engaging in similar conduct in the future were compelling factors weighing in favor of an upward variance. *See* 18 U.S.C. § 3553(a); *Dougherty*, 754 F.3d at 1362. Moreover, Castillo-Montoya's total sentence of 63 months falls well below the statutory maximum of 20 years, suggesting substantive reasonableness. *See Croteau*, 819 F.3d at 1310. The sentence is a reasonable one. Thus, we affirm Castillo-Montoya's total sentence.

**AFFIRMED.**